UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CAROLYN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-CV-139 |
| | ) | |
| GROUP SHORT TERM DISABILITY | ) | |
| AND LONG TERM DISABILITY PLAN | ) | Chief Judge Curtis L. Collier |
| FOR EMPLOYEES OF WAL-MART | ) | |
| STORES, INC., WAL-MART STORES, | ) | |
| INC., AND HARTFORD LIFE AND | ) | |
| ACCIDENT INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff Carolyn Smith ("Plaintiff") and defendants Group Short Term Disability and Long Term Disability Plan for Employees of Wal-mart Stores, Inc. and Hartford Life and Accident Insurance Company ("Defendants") both move this Court to render a judgment on the administrative record in their favor (Court File Nos. 23, 27). Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). This case involves two disability determinations: (1) whether Plaintiff was properly denied continued benefits, for a period of one year after the onset of her disability, based upon an "own occupation" analysis; and, (2) whether Plaintiff was properly denied benefits, for a period beyond one year, based upon an "any occupation" analysis.

After considering the administrative record, the arguments of counsel, and the applicable law, on the first issue the Court will **GRANT** in part Plaintiff's motion for judgment on the administrative record (Court File No. 23); and, will **REVERSE** the denial of the benefits spanning

a period of one year after the onset of her disability.

On the second issue, the Court will **DENY** in part Plaintiff's motion for disability benefits extending beyond the first year after the onset of the disability (Court File No. 23), and will **REMAND** the issue for review on appeal (Court File No. 1).

The Court will **DENY** Defendant's motion for judgment on the record (Court File No. 27).

**I.      FACTS**

Plaintiff filed a long-term disability claim with Defendants on January 22, 2006 based upon lower back problems (Administrative Record ("AR"), pp. 310-316). Under the policy for Wal-Mart Stores, Inc. by the Hartford Life and Accident Insurance Company, a policy-holder is eligible for one year of benefits if disabled from her own occupation (AR, pp. 64-65). One's "own occupation" includes "similar job positions with the Employer, which may be offered [to the policy-holder], with a rate of pay 50%[1] or greater of your Indexed Pre-disability Earnings" (AR, p. 65). After the one-year time period, a policy-holder is eligible for disability if he is "prevented from performing essential duties of *any occupation* for which [he] is qualified by education, training, or experience" (*id.*) (emphasis added).

Defendant Hartford granted Plaintiff disability benefits, beginning January 29, 2006 (AR, ¶. 296-99). Those benefits were terminated on November 1, 2006 (AR, p. 216). At that time, Dr. Paul Broadstone, Plaintiff's attending physician, represented Plaintiff was capable of "full-time light

---

[1]Although the plan language represents the rate of pay as 50% , Defendants' letter denying Plaintiff's benefits represents this rate as 60% (*compare* AR, p. 65 *with* AR, p. 217). Neither party has addressed this discrepancy, and neither party has argued this determination is material to the issues facing the Court here.

2

work" as defined by the United States Department of Labor[2] (AR, ¶. 217, 252). Defendant Hartford determined Plaintiff's "own occupation" as an assistant manager was contained within the "full-time light work" classification (AR, p. 218). As a result, Defendant Hartford terminated Plaintiff's disability benefits under the "own occupation" standard (AR, ¶. 217-18).

Plaintiff, through counsel, appealed the denial of her disability claim on March 26, 2007 (AR, ¶. 192-96). Defendant Hartford rejected her appeal and affirmed the denial on April 25, 2007 (AR, ¶. 167-68).

## II.   STANDARD OF REVIEW

The Court's review is limited to the record as it was before the employee-benefit plan's administrator. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998); *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996). Where the language of a plan grants the plan's administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, as it does here (AR, ¶. 112, 145), "the highly deferential arbitrary and capricious standard of review is appropriate." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101,

---

[2]The definition of "light work," as provided to Dr. Broadstone, is as follows: "Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirement are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm and leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even if the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible." (AR, p. 252).

3

115 (1989); *Glenn v. Metro. Life. Ins. Co.*, 461 F.3d 660, 666 (6th Cir. 2006). This standard is the least demanding form of judicial review. In fact, the Court must defer to the administrator's decision as long as it was "rational in light of the plan's provisions," *Osborne v. Hartford Life & Acc. Ins. Co.*, 465 F.3d 296, 302 (6th Cir. 2006), and as long as there is "a reasoned explanation, based on the evidence" to support the outcome, *Abbott v. Pipefitters Local Union No. 522*, 94 F.3d 236, 240 (6th Cir. 1996) (citation omitted). At the same time, "[w]hile the arbitrary and capricious standard is deferential, it is not . . . without some teeth." *Evans v. UnumProvident Corp.*, 434 F.3d 866, 876 (6th Cir. 2006) ("federal courts do not sit in review of the administrator's decisions only for the purpose of rubber stamping those decisions"). The Court's obligation under this standard "includes some review of the quality and quantity of the medical evidence and the opinions on both sides of the issues." *Id.*

In its review, a court must also consider the inherent conflict of interest that exists when a defendant both funds the plan and decides whether to award benefits. *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 521 (6th Cir. 1998). A conflict of interest does not displace the arbitrary and capricious standard of review; rather, it is a factor to consider in a court's evaluation. *Kalish v. Liberty Mut./Liberty Life Assurance Co. of Boston*, 419 F.3d 501, 506 (6th Cir. 2005). Mere allegations of a conflict are not sufficient; there must be "significant evidence" the apparent conflict affected the administrator's decision to deny benefits. *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998); *Wages v. Sandler O'Neill & Partners, L.P.*, 37 F. App'x 108, 112 (6th Cir. 2002). A court's ultimate determination is whether the conflict improperly influenced the insurer's actions towards the insured. *Killian*, 152 F.3d at 521.

In its review, a court cannot focus on a single consideration or piece of evidence in the

4

record, but must consider the final determination of the plan administrator based upon the entire record. *See Evans*, 434 F.3d at 880. "[T]he ultimate issue in an ERISA denial of benefits case is not whether discrete acts by the plan administrator are arbitrary and capricious but whether its ultimate decision denying benefits was arbitrary and capricious." *Spangler v. Lockheed Martin Energy Sys., Inc.*, 313 F.3d 356, 363 (6th Cir. 2002).

**III. ANALYSIS**

The Court has reviewed Plaintiff's motion for judgment on the administrative record (Court File Nos. 23, 24), Defendants' response and their own motion for judgment on the administrative record (Court File Nos. 27, 28), Plaintiff's reply (Court File No. 29), and the Administrative Record (Court File No. 17; Submitted in hard copy on March 26, 2008). The Court also considers the arguments made by the parties at the oral argument hearing on May 14, 2008 (Court File No. 31). The benefit review process at issue here is divided into two phases: (A) whether, within the first year, Plaintiff was capable of performing her "own occupation;" and, (B) whether, after the first year, Plaintiff was capable of performing "any occupation" (AR, p. 65). The Court addresses these phases in turn.

    **A.**     **Disability Determination based upon Plaintiff's "Own Occupation"**

Plaintiff asserts Defendants' denial of her benefits was arbitrary and capricious because Defendants considered her employment duties as an assistant manager without accounting for the fact that an assistant manager must be able to perform the employment duties of every position below her (Court File No. 24, ¶. 3-6). As a result, Defendants should not have rejected her claim (*id.*, p. 6). Defendants assert they considered the "essential functions" required for the assistant

manager position, as was listed in the job description published by Wal-Mart Stores, Inc. ("Wal-Mart"), and thus their denial of her benefits was not arbitrary and capricious in light of the record (Court File No. 28, ¶. 18-19).

Having reviewed the Administrative Record, the Court determines that Defendants failed to consider the actual duties involved in Plaintiff's position as assistant manager.[3] First, Plaintiff's job description, as provided by Wal-Mart, includes job duties, which Defendants ignored, demonstrating the assistant manager position is much more physically demanding than Defendants' interpretation and fall outside of the scope of "light work." One of the "general responsibilities" of an assistant manager is to "[p]erform[] the responsibilities of other positions as needed" (AR, p. 321). Under "position responsibilities," Wal-Mart also requires an assistant manager to understand all the duties of his or her team and be capable of working "varied . . . areas of responsibility" (*id.*). This duty to perform the work of subordinates is beyond the limited scope of duties considered by Defendants.

Defendants argue they are only required under the policy to consider the "essential duties" of Plaintiff's position as assistant manager, and thus were correct in considering only those things listed as "essential functions" in Wal-Mart's job description for an assistant manager (Court File No.

---

[3]Defendants also clarify, under the policy, one's "own occupation" (labeled "Your Occupation" in the policy) means "your occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job you are performing for a specific employer at a specific location." (AR, p. 119; Court File No. 28, p. 5). Furthermore, the policy defines "own occupation" as "similar job positions with the Employer, which may be offered [to the policy-holder], with a rate of pay 50% or greater of your Indexed Pre-disability Earnings" (AR, p. 65). This term-of-art definition of a person's occupation, although noted by Defendants (Court File No. 28, p. 5), does not materially affect the Court's analysis. The initial denial of Plaintiff's benefits references only her specific job under the "own occupation" analysis (AR, pp. 217-18), and the denial on appeal makes no further distinction (AR, pp. 167-68). As neither party has made any argument relating to Plaintiff's ability or inability, or opportunity or lack of opportunity, to perform "similar job positions with the Employer," this Court has no occasion to consider it further.

28, p. 18). Defendants are correct that, under the policy, a determination of disability is based upon one's inability to perform the "essential duties" of his occupation (AR, ¶. 64-65). In that context, "essential duty" is defined as "a duty that: 1. is substantial, not incidental; 2. is fundamental or inherent to the occupation; and 3. cannot be reasonably omitted or changed" (AR, p. 113). Defendants are incorrect, however, that this permits them to consider only those duties listed under "essential functions" in the description of the assistant manager position (AR, ¶. 321-22). "Essential duties" and "essential functions" have a word in common, but there is no basis in the record to assume Wal-Mart defines "essential functions" in the same way "essential duties" are defined in the policy. Wal-Mart includes other information in the job description - including "general responsibilities," "position responsibilities," and "position requirements" - which is relevant to determining what duties are involved in the assistant manager position, and which of those duties are "fundamental or inherent to the occupation," rather than "incidental" (*see* AR, p. 113). There is no evidence in the record Defendants made any effort to identify the duties of Plaintiff's position, and then determine which of those duties were essential. Rather, Defendants artificially limited their analysis of Plaintiff's position to only the duties listed under the "essential functions" heading (Court File No. 28, p. 18). Doing so was arbitrary and capricious. *Cf. Killian*, 152 F.3d at 521-22 (the defendant acted arbitrarily and capriciously in artificially limiting the universe of information in denying the plaintiff's benefits claim).

Second, Defendants' total reliance on the distinction between the essential and incidental duties of the assistant manager position which Defendants allege Wal-Mart made in its job description (Court File No. 28, p. 18) is puzzling because Defendants then give no weight whatsoever to Wal-Mart's determination that Plaintiff was too disabled to fulfill her essential duties

7

as an assistant manager[4] (AR, p. 193; Court File No. 28, ¶. 19-20). In ignoring Wal-Mart's determination of Plaintiff's specific capability, Defendants assert they, not Wal-Mart, are the claim fiduciaries under the Policy and it is within their sole discretion to determine Plaintiff's eligibility for disability benefits (Court File No. 28, ¶. 19-20).

Although Defendants have discretion, they must consider the relevant evidence in making their determination of benefits. *See, e.g., Evans*, 434 F.3d at 876. A determination by an employer that an employee is too disabled to perform his essential duties, although perhaps not dispositive on the matter, is certainly relevant evidence which cannot be ignored or summarily rejected. This is particularly true here, where Defendants otherwise placed their entire determination of the essential duties of Plaintiff's job on a vague, generalized representation made by Wal-Mart in its job description (*see* Court File No. 28, p. 18), but then ignored the particularized one that Plaintiff could not perform her essential employment duties. Such lack of consideration of relevant evidence was arbitrary and capricious.[5] *Cf. Killian*, 152 F.3d at 521-22

Third, to the extent Wal-Mart's job description was vague as to the true nature of Plaintiff's essential duties as an assistant manager, Plaintiff, through her attorney, provided a detailed

---

[4]Defendants also assert they need not have considered Wal-Mart's determination, because Plaintiff failed to present evidence supporting her claim of termination due to her disability (Court File No. 28, p. 20). The Court is not swayed by this reasoning because there is no indication in the record Defendants had a basis to disbelieve Plaintiff's representation; had informed Plaintiff of their disbelief or requested verification from Plaintiff; or had sought verification from Wal-Mart directly. It is arbitrary and capricious to reject relevant factual representations without a reasonable basis for doing so.

[5]The Court does not conclude Wal-Mart's determination of disability would be binding upon Defendants. However, Defendants failed to address Wal-Mart's determination in any regard. The appropriate procedure would be to expressly consider that determination and, if Defendants did not concur, provide reasoning and evidence as to why Defendants' determination differed.

description of the nature of these other responsibilities in the letter appealing the original denial of her benefits (AR, ¶. 192-93). The Court found nothing in the record indicating Defendants did any investigation as to the veracity of Plaintiff's representations or requested any specific information from Plaintiff if Defendants found those representations wanting in some way. Defendants provided no reasoning or evidence to reject or disregard Plaintiff's representations of her employment duties, and the Court found nothing in the record supporting such a determination. Rejecting the representations of Plaintiff without any evidentiary basis or reasoning was arbitrary and capricious. *Cf. Evans*, 434 F.3d at 879 (the defendant acted arbitrarily and capriciously in ignoring reliable evidence provided by the plaintiff).

In sum, several discrete acts of Defendants' consideration of Plaintiff's disability claim were arbitrary and capricious. Defendants relied upon an unreasonably narrow, and ultimately deficient, interpretation of Plaintiff's duties, and ignored or rejected various factual representations made by Plaintiff without evidence to the contrary, an explanation of the representations' deficiencies, or any clear expression of a need for additional evidence supporting those representations.

However, the ultimate determination for this Court is whether the denial of Plaintiff's benefits was arbitrary and capricious, not whether some of the discrete acts in the decision-making process were arbitrary and capricious. *See Spangler*, 313 F.3d at 363. Having considered the essential duties of Plaintiff's assistant manager position and her limitations within the first year of the onset of her disability, based upon the administrative record, Plaintiff was unable to satisfy the requirements of her assistant manager position during the first year proceeding the onset of her disability.

As previously discussed, Plaintiff's position required her to assume the duties of any other

9

employee in the store whenever needed. As a result, Plaintiff might be required to work at a cash register, assist customers, or restock inventory (*see* AR, p. 321).[6] "Light work," which Dr. Broadstone asserted Plaintiff was capable of performing, permits constant movement of objects only when the amount of force necessary is negligible; frequent movement when requiring up to ten pounds of force; and, occasional movement when requiring up to twenty pounds of force (AR, p. 252). An assistant manager has a duty to assume the responsibilities of positions which would not be considered "light work," such as stocking and restocking inventory, which often involves objects requiring more than negligible force and, in certain instances (such as paint cans, larger electronics, and bags of animal food or fertilizer), more than ten or twenty pounds, and which requires repetitive lifting, squatting, and bending movements. This analysis is further supported by Wal-Mart's termination of Plaintiff for her inability to perform her job (*see* AR, p. 193), which Defendants ignored in denying Plaintiff's appeal (*see* AR, ¶. 167-68). Based upon the requirements of the assistant manager position, it was arbitrary and capricious to reject Plaintiff's disability benefits based upon her "own occupation" standard.

**B.     Disability Determination based upon "Any Occupation"**

Defendants represented Plaintiff would not qualify for disability benefits under the "any occupation" standard at the initial level of review (*see* AR, ¶. 154, 228-251; Court File No. 28, p. 10). However, Defendants rejected Plaintiff's disability benefits *on appeal* solely because they determined she was not disabled from performing her "own occupation" as assistant manager; the

---

[6]Based upon evidence in the record - namely, the job description and Plaintiff's unchallenged representations (AR, pp. 193, 252), the Court makes reasonable assumptions as to the responsibilities of other positions an assistant manager might be required to assume. These assumptions are consistent with, and uncontested by, the evidence in the record.

appellate review did not involve consideration of whether she was disabled under an "any occupation" standard (AR, ¶. 152, 167-68; Court File Nos. 24, p. 3; 28, p. 22 n.9). Defendants have not made a full determination as to Plaintiff's eligibility under the "any occupation" standard (*see id.*). As such, this Court lacks a full record upon which it can review Defendants' determination as to eligibility under the "any occupation" standard. The Court therefore will **DENY** Plaintiff's motion for judgment on the administrative record concerning a disability determination under the "any occupation" standard (Court File No. 23), and will **REMAND** the issue to the Benefit Management Services of Hartford Life and Accident Insurance Company for a review on appeal of the initial determination rejecting the grounds for such benefits (Court File No. 1).[7]

### IV. CONCLUSION

Based upon the evidence in the administrative record, the Court will **GRANT** in part Plaintiff's motion for judgment on the record (Court File No. 23), and will **REVERSE** the denial of the benefits spanning a period of one year after the onset of her disability. The Court will **DENY** in part Plaintiff's motion for disability benefits extending beyond the first year after the onset of the disability (Court File No. 23), and will **REMAND** the issue for review on appeal. The Court will **DENY** Defendant's motion for judgment on the record (Court File No. 27)

An Order shall enter.

                                                **/s/**
                                                **CURTIS L. COLLIER**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**

---

[7]Plaintiff, through counsel, has already raised several issues as to the proposed alternative occupations relating to the "any occupation" standard (AR, pp. 193-95). The Court expects Defendants will address those concerns in their analysis of Plaintiff's claim.